In the Matter of the Judicial Settlement of the Account of the Proceedings of LOUIS LESE, as Administrator, etc., of DAVID LESE, also Known as DAVID LISS, Deceased.

LOUIS LESE, as Administrator, etc., Appellant; NATHAN LESE, Respondent.

First Department, March 23, 1917.

Decedent's estate — accounting — payment of moneys by administrator pursuant to promise of decedent to repay moneys advanced to purchase mortgage — evidence — transactions with decedent — when creditor who has been paid may testify — testimony of administrator who has been called by parties contesting his account — when estate and not heirs is liable on decedent's promise to pay — payment by administrator pursuant to decree of court.

Appeal from a decree of the Surrogate's Court surcharging the account of an administrator. It appeared that the administrator, who was also one of the heirs and next of kin of the decedent, had, during the lifetime of the latter, purchased lands giving back a purchase-money mortgage. As a foreclosure was threatened the decedent had induced one F. to purchase the mortgage on his promise to pay the same thereafter at a specified date, which promise he did not fulfill. It also appeared that the decedent, during his lifetime, had paid the interest on the mortgage and taxes on the land, and that the present administrator during the life of the decedent had acknowledged to the heirs of the latter that the property belonged to the decedent. As F. made a demand upon the administrator that he carry out the decedent's promise he did so, and repaid F. the moneys expended by him to purchase the mortgage.

*Held*, that as F. had expended the moneys upon the promise of the decedent to repay him he had a legal claim against the estate which the administrator was authorized to pay, and that it was error to surcharge his account with the amount of said payment.

As F. had been repaid by the administrator, so that he no longer had a claim against the estate, he was not incompetent, under section 829 of the Code of Civil Procedure, to testify that the decedent promised to repay him the moneys advanced.

So, too, it was error to strike out testimony by the administrator to the effect that he was the original purchaser of the lands on behalf of the decedent, and as trustee for him, where the administrator was called by the parties contesting his account and sworn in part as to his transaction with the decedent.

As the bond and mortgage were not given by the decedent himself, and as the moneys to purchase the same were advanced by F. upon the decedent's promise to repay him, the indebtedness was not one to be paid by

the heirs, but, on the contrary, the decedent's promise created a legal claim upon his estate.

Moreover, the decree surcharging the administrator's account with said payment will be reversed where he made the payment only after a decree of the Surrogate's Court authorizing the same in a proceeding in which the present contestants were duly cited, and in which they made default. The contestants are bound by said decree in the absence of any evidence showing bad faith on the part of the administrator.

APPEAL by Louis Lese, as administrator, from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 12th day of June, 1916, surcharging his account.

*Joseph M. Proskauer*, for the appellant.

*Louis B. Williams*, for the respondent.

SMITH, J.:

Louis Lese was the administrator of David Lese. Louis Lese paid to Frederic Lese the sum of upwards of $14,000 upon the claim of Frederic Lese that he had expended those moneys for David Lese upon David's promise to repay him in January, 1911. David Lese died May 5, 1911, without having performed that promise. Louis Lese had bought two pieces of property in 1905 and had given therefor two mortgages of about $7,000 each as purchase-money mortgages. In 1910 the mortgagees threatened foreclosure. Thereupon David Lese agreed with Frederic Lese that if Frederic would purchase the same he would pay him the moneys therefor the January following, when Frederic was to give a satisfaction of the mortgage. In pursuance of that agreement Frederic did purchase the mortgages, paying about $4,000 of his own and $10,000 of borrowed money. It is claimed that these two pieces of property, although in the name of Louis Lese, were in fact held by him for David Lese. The reason assigned is that David had been divorced and did not want his wife to know that he held the property. It appears in the evidence that David Lese paid the interest upon these mortgages and paid the taxes, and it appears that Louis Lese acknowledged to the heirs of David Lese that the property belonged to David Lese, and that is the position which he now takes. It would seem if Frederic Lese

expended these moneys upon the promise of David Lese to repay him in January, 1911, that Frederic Lese had a legal claim against David Lese, which the administrator had the right to recognize and pay. David Lese died without a will and left Louis Lese and the heirs of a deceased brother as his only heirs at law and next of kin. Because Louis Lese is enti. tled to one-half of the estate is the reason why his account had not been surcharged with the full $14,000 he paid to Frederic as moneys advanced.

The evidence to sustain this claim was partly the evidence of Frederic Lese himself, which was objected to under section 829 of the Code of Civil Procedure, but Frederic Lese had been in fact paid, so that he was no longer interested in the result of the controversy, and his testimony was not incompetent. This was so held in *Matter of Frazer* (92 N. Y. 239); *Matter of Mulligan* (82 Misc. Rep. 336); *Matter of Herrington* (73 id. 182). He swears positively to the promise of David to repay him the moneys advanced. The testimony as to the fact that the property was originally purchased by Louis Lese in behalf of David, and as trustee for him, as far as that testimony is given by Louis Lese, was objected to under section 829 of the Code of Civil Procedure, and his testimony admitted, but was afterwards stricken out. But this evidence is not necessary to this determination. Moreover, Louis Lese was called by the contestant first, and was sworn in part as to this very transaction, and, therefore, his testimony was at least in part competent, and should so far have remained in the case.

It is argued that if this mortgage had been given by David with his bond, and had been purchased by Frederic, it would be simply an indebtedness upon a bond and mortgage, which would have to be paid by the heirs, and not by the personal estate. But the bond and mortgage were not given by David, but by Louis, and the moneys were advanced by Frederic upon David's promise to repay in January, and it is that promise, not the promise of the obligor of the bond, that he is seeking here to enforce. The claim of Frederic Lese against David's estate was not an equitable claim. It was a legal claim fully established by the evidence and properly paid by the administrator.

There is another reason why this decree should be reversed.

Louis Lese presented an account to the surrogate. All of these contestants were duly cited. In that account he recited these claims, and the decree directed their payment. After the making of the decree he did pay them. These contestants made default upon that accounting, and have since had the decree opened to allow them to come in. Nevertheless the administrator is clearly protected in his payment made under the decree of the court in an accounting to which all these parties were cited. There is no pretense here that they are not bound by that decree, and the favor of the court in opening that decree thereafter cannot affect the right of Louis Lese to claim credit for this payment, unless there is some evidence of bad faith, which is not here shown. The payment by the administrator of these claims upon the decree before the decree was reopened is a complete answer to this charge, and the fact that it was paid to his son cannot alter its legal effect.

The decree should be reversed, with costs, and the matter remitted to the Surrogate's Court to proceed in accordance herewith.

CLARKE, P. J., LAUGHLIN, SCOTT and SHEARN, JJ., concurred.

Decree reversed, with costs, and matter remitted to Surrogate's Court.