In the Matter of the Petition of the QUEENS COUNTY BAR ASSOCIATION with Respect to IRVING BLUHM, an Attorney, Respondent.— Matter referred to Hon. Burt Hay Humphrey, official referee, to hear and to report with his opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.

BABYLON PLUMBING AND HEATING SUPPLY CORPORATION, Appellant, v. ALEXANDER KAHN and WILLIAM KEISS, Respondents.— In a judgment creditor's action brought to set aside fraudulent conveyances, judgment dismissing the complaint at the close of appellant's case reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. It having been established that these voluntary conveyances were made without consideration, and that at the time of the original conveyance respondent William Keiss, the grantor, was indebted to appellant, there was a presumption of fraud which required rebuttal by the respondents. (*Sabatino* v. *Cannizzaro*, 243 App. Div. 20; *Ga Nun* v. *Palmer*, 216 N. Y. 603.) Hagarty, Adel and Taylor, JJ., concur; Lazansky, P. J., concurs in result; Johnston, J., dissents and votes to affirm.

COLEN-GRUHN Co., INC., Respondent, v. 1133 WASHINGTON, INC., and MARY HOLTZMAN, Appellants.— Action to set aside a third mortgage as being fraudulent as to creditors. Order appointing a receiver of the rents modified by inserting a provision that the receiver may collect rents up to $3,000 and when such rents have been collected the receiver will desist from collecting further rents and hold the amount so collected subject to the further order of the court. As thus modified the order is affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur. [See *ante*, p. 829.]

RALPH COOK, as Guardian ad Litem of MARILYN COOK, an Infant, Respondent, v. PAUL GILLOT and MATHILDA GILLOT, Appellants.— Action to recover for personal injuries and for medical expenses and loss of minor's services. Judgment of the City Court of Yonkers reversed on the law and the facts and a new trial ordered, with costs to appellants to abide the event. The verdict must have been based entirely upon the unsworn statement of the infant plaintiff, who, at the time of the trial, was seven years old, and at the time of the accident was five years of age. Although no objection was made to the reception of the infant's statement, the judgment must be reversed and a new trial ordered. In our opinion, there was no other proof in the case in support of the determination. (*Scherback* v. *Stern*, 246 App. Div. 746.) Lazansky, P. J., Carswell and Adel, JJ., concur; Hagarty and Davis, JJ., dissent and vote to affirm on the ground that there was sufficient proof of negligence supporting the statement of the infant in respect to the manner in which the accident occurred. (See *Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622.)

PETER DE BENEDICTIS, Appellant, v. BRUCE PRYOR, Respondent.— Action to recover the sum of ninety-six dollars for rent due and owing and for possession. Defendant interposed a counterclaim. It was conceded on the trial that defendant owed the amount claimed for rent. The jury brought in a verdict finding for plaintiff on his claim and for defendant on his counterclaim. The appeal is from the judgment entered on the verdict. Judgment of the County Court of Putnam county unanimously affirmed, with costs. Orders denying appellant's motions to set aside the verdict and for a new trial unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.