Francis A. Cody, Appellant, v. George I. Hovey and Others, Defendants, and Clara D. Hovey and Virginia T. Essel, Respondents.— Judgment so far as it relates to defendant Clara D. Hovey reversed on the law and facts and a new trial granted as to Clara D. Hovey, with costs to the appellant to abide the event, and judgment so far as it relates to defendant Essel affirmed, without costs. Certain findings of fact disapproved and reversed. Memorandum: Inasmuch as the conveyances and transfers of certain parcels of real estate by which the defendant Clara D. Hovey became a tenant by the entirety instead of the owner of an inchoate right of dower, and also the possessor of a purchase-money mortgage on other parcels were made while the transferor and grantor was indebted to this defendant [appellant] for tortious transactions in an amount in excess of $700,000, and while his total indebtedness exceeded $4,000,000, and soon after his co-obligor and partner had been adjudicated a bankrupt, we are of the opinion

that lack of adequate consideration was established *prima facie* and that the burden of going forward with the evidence was upon the defendant. (*Ga Nun* v. *Palmer*, 216 N. Y. 603; *Cohen* v. *Benjamin*, 246 App. Div. 866.) As the proof stands fraud was established. As calculations of values, in so far as the mortgage is concerned, are necessary to enter a proper judgment, a new trial must be had. All concur. (The judgment dismisses plaintiff's complaint, in an action to set aside transfers of realty.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ. [See, also, *Cody* v. *Booth*, 254 App. Div. 659.]