Harold J. Crawford, J.
In an action to set aside a conveyance as a transfer in fraud of creditors, plaintiff moves for summary judgment.
On January 6, 1958 the defendant Peter C. Johnson (hereinafter called the “ defendant ”) and three other persons executed a written guarantee of payment of all sums then due and payable or thereafter to become due and payable from Hoffman Roberts Cordage Corp. to the plaintiff. On that date, Hoffman was indebted to the plaintiff in the sum of $17,561.98 for merchandise previously purchased. Defendant was then an officer, director and stockholder of Hoffman and had been employed by said corporation for many years.
In reliance upon the guarantee, plaintiff resumed the sale of merchandise to Hoffman until February 26, 1959, when it demanded payment from the guarantors of the unpaid balance of $13,203.10.
Said payment was not made and in April, 1959 Hoffman went out of business owing large sums of money, including the debt due to the plaintiff. Plaintiff then sued Hoffman and the four guarantors and on July 7, 1959 recovered a judgment in the sum of $13,555.87 against all of said defendants. Ho part of that judgment has been paid. On July 21, 1959 the present action was commenced against the defendant and his wife.
On January 6, 1958 when defendant executed the guarantee, he was the sole owner of a 1957 station wagon and the sole owner of record of a one-family dwelling located at 139-49 86th Avenue, Jamaica. Prior to signing the guarantee, defendant discussed it with his wife. Shortly after signing the guarantee, defendant transferred his station wagon to his wife, and on January 31, 1958 he conveyed to her the aforesaid one-family dwelling. Both transfers were made without consideration and left him with the sole asset of a small bank account of about $50.
Section 270 of the Debtor and Creditor Law defines a debt as any liability “ matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.” Defendant’s liability on the guarantee was contingent, but, nevertheless, it was a debt as defined in section 270 of the Debtor and Creditor Law. His transfer of assets left him unable to meet his debts. Since the *286 transfers were without consideration, they are presumed to be fraudulent. (Debtor and Creditor Law, § 273; Cody v. Hovey, 256 App. Div. 1038.)
Plaintiff’s motion for summary judgment is granted. Since there is no proof of actual fraudulent intent, counsel fees are denied. Submit order.