■ Luella Torr, Appellant, v. Sophie Torr, Individually and as Administratrix C. T. A. of the Estate of Raymond O. Torr, Deceased, Respondent.— In an action to set aside a conveyance of real property as in fraud of creditors, and for related relief, plaintiff appeals from a judgment of the Supreme Court, Kings County, rendered January 18, 1962 upon the oral decision of a Special

Referee, which dismissed the complaint at the close of plaintiff's case, for failure of proof after trial before such Referee. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. Plaintiff is the divorced first wife of Raymond O. Torr, the decedent. Defendant is the second wife of the decedent, who likewise was divorced from him. She is also the administratrix *c. t. a.* of his estate. While she and the decedent were still married, and at a time when he was indebted to the plaintiff for substantial arrears of alimony, defendant and decedent took title as tenants by the entirety to the parcel of real estate in suit. Subsequent to defendant's divorce, she and the decedent continued to own the said property as tenants in common (*Sirianni* v. *Sirianni,* 14 A D 2d 432, 435). In the instant action, plaintiff seeks to subject defendant's interest in said property to the payment of her claim for the alimony arrears. In our opinion, under the circumstances here presented, the taking of title as tenants by the entirety was in effect a conveyance by the decedent to the defendant of an interest in the real property (cf. *Nowka* v. *Nowka,* 157 Neb. 57; *Cody* v. *Hovey,* 256 App. Div. 1038). Such a transfer by one who is then a debtor, if made without consideration, raises a presumption of fraud which requires rebuttal by the grantee (*Ga Nun* v. *Palmer,* 216 N. Y. 603, 611–612; *Brody* v. *Pecoraro,* 250 N. Y. 56, 61–62; *Babylon Plumbing & Heating Supply Corp.* v. *Kahn,* 249 App. Div. 830). Plaintiff established that decedent was in debt at the time of the conveyance. However, the Referee refused to permit her to adduce proof, by the testimony of the original grantor, that the consideration for the sale to the defendant and the decedent was supplied solely by the decedent. In our opinion, such refusal was error. The proffered testimony of the grantor was not barred by section 347 of the Civil Practice Act, nor was it inadmissible under the rule of the *Lent* case (*Lent* v. *Shear,* 160 N. Y. 462, 469; cf. *Croker* v. *New York Trust Co.,* 245 N. Y. 17, 22; *Matter of Lese,* 176 App. Div. 744; *Loos* v. *Wilkinson,* 110 N. Y. 195, 211; *Williams* v. *Williams,* 142 N. Y. 156, 159). With respect to the copies of letters from the decedent to his grantor, which were offered for the same purpose, it is our opinion that, where, as here, a proper foundation has been laid for their reception as secondary evidence, they were admissible and that it was error to exclude them. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.