costs should have been imposed in denying plaintiff's motion. Costs upon such motions should only be allowed in favor of parties who have pleaded according to the rules of code pleading, or upon the denial of motions which are merely harassing, and plainly not intended to subserve any useful purpose. We cannot disturb the order appealed from in this respect, as it is a wise rule of the appellate courts not to review the imposition of costs upon a mere motion (Joyce v. Mayor, 12 Abb. Prac. 309); but, while we affirm the order appealed from, we award no costs upon the appeal.

Order affirmed, without costs.

GUY, J., concurs. SEABURY, J., concurs in result.

---

CHARTERED BANK OF INDIA, AUSTRALIA, AND CHINA v. NORTH RIVER INS. CO.

(Supreme Court, Appellate Division, First Department. February 18, 1910.)

1. DISCOVERY (§ 58*)—EXAMINATION BEFORE TRIAL—ORDER.

It is irregular, if not actually improper, to include in a single order a provision for the examination of a party to the action before trial and one for the examination of a person not a party.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 72; Dec. Dig. § 58.*]

2. DISCOVERY (§ 49*)—EXAMINATION BEFORE TRIAL—"PERSON."

Code Civ. Proc. § 870, provides for the examination of a party, and section 871 authorizes the examination of a "person not a party" to the action. Held, that the word "person" in section 871 means a person who can testify as a witness; and hence such section did not authorize the examination of officers of a corporation before trial, where the corporation was not a party.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig. § 49.*

For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

3. DEPOSITIONS (§ 11*)—EXAMINATION BEFORE TRIAL—PERSON NOT PARTY.

To justify examination of a person not a party before trial, it must be shown that he is about to depart from the state, that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that there are special circumstances which render his examination proper, under Code Civ. Proc. § 872, subd. 5.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 23; Dec. Dig. § 11.*]

4. DISCOVERY (§ 49*)—EXAMINATION BEFORE TRIAL—CORPORATION.

A corporation cannot be examined before trial through the examination of a person who has ceased to be an officer.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig. § 49.*]

5. INSURANCE (§ 553*)—FRAUD OF ASSURED—RIGHTS OF APPOINTEE.

Where a policy was issued to insured, loss, if any, payable to plaintiff, and it was claimed that the insured was guilty of fraud in executing proofs of loss, etc., whether plaintiff or its officers knew of the fraud was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

immaterial; they being mere appointees, whose rights were only those of insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1366; Dec. Dig. § 553.*]

Appeal from Special Term, New York County.

Action by the Chartéred Bank of India, Australia, and China against the North River Insurance Company. From an order refusing to vacate an order for the examination of plaintiff bank, and of another corporation not a' party to the action, before trial, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George A. Strong, for appellant.
C. Arthur Levy, for respondent.

SCOTT, J. Appeal from an order denying a motion to vacate an order for examination before trial. The action is upon a policy of fire insurance issued by defendant to the F. F. Bhumgara Company, loss, if any, payable to plaintiff. It is alleged that the articles insured were destroyed or damaged by fire, and that after the loss and before the commencement of the action the Bhumgara Company for a valuable consideration assigned the policy and all moneys due and payable thereunder to the plaintiff. The answer, in addition to the usual denials designed to put the plaintiff to its proofs, sets up a special defense that the Bhumgara Company and plaintiff made false and fraudulent representations to defendant respecting the loss, which was, as it is said, inappreciable.

It appears by affidavit that the defendant has accused N. F. Bhumgara, the president of the Bhumgara Company, with having made false and fraudulent proofs of loss, and has caused him to be arrested and indicted upon that charge. The order sought to be vacated provides for the examination of plaintiff, as a party to the action, through George B. Bruce-Webster, described as its agent for the state of New York, and of the F. F. Bhumgara Company, a person not a party to the action, through its president, N. F. Bhumgara. It is irregular, if not actually improper, to include in a single order a provision for the examination of a party to the action and one for the examination of a person not a party. While there are certain facts necessary to be shown which are common to applications for both examinations, there are other facts which are not common, but are applicable to only one case or to the other. Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68.

There appears to be neither authority nor propriety for examining a corporation, as such, before trial as a person not a party. The word "party," as used in section 870 and the following sections of the Code of Civil Procedure, means a party to the action and no one else. Seeley v. Clark, 78 N. Y. 220. Section 870 provides for the examination of a party, which includes a corporation, if it be a party to the action. Section 871 provides for the examination of a "person not a party" to

the action. That section and the following one, prescribing the procedure to be followed in procuring an order for and conducting an examination, show very clearly that the word "person" is used as indicating a witness—a person who can testify, as, of course, a corporation cannot. Subdivision 7 of section 872, the only subdivision referring in terms to the examination of a corporation refers to a case where the "party" sought to be examined is a corporation.

But even if a corporation could be examined as a "person not a party," or if the order could be treated (as it cannot) as one for the examination of N. F. Bhumgara, personally, it would still be unauthorized. To justify an order for the examination of a person not a party it is necessary that it be made to appear that he is about to depart from the state, or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that any other special circumstances exist which render it proper that he should be examined. Section 872, subd. 5. None of these things are made to appear in the present case.

We are referred to Chittenden v. San Domingo Imp. Co., 132 App. Div. 169, 116 N. Y. Supp. 829, wherein we allowed the examination of persons not parties, because we found in the facts of the case "special circumstances" which justified such an order. It is manifest that whether or not such "special circumstances" exist in any case depends upon the facts of that particular case. The facts in the Chittenden Case bore no possible resemblance to the facts of this case. The plaintiff was suing for the value of services rendered to defendant by her deceased husband, of which she could have, in the nature of things, no personal knowledge, and of which the persons to be examined, who had been the active officers of the defendant when the services were rendered, presumptively had such knowledge, and if the case had come to trial she would have had to call them as witnesses. The defendant required her to give a bill of particulars, and thus by its own action created a situation which could be met only by examining those who knew the facts. It was this requirement of the defendant, and the situation thereby created, together with the other facts of the case which established the "special circumstances" justifying the order for examination. Nothing of that sort appears here.

As to the examination of the plaintiff, it appears that the individual required to be examined has ceased to be an officer. The plaintiff cannot, therefore, be examined through him; and, even if it could, it does not appear that he could testify to any material fact. If Bhumgara committed a fraud which vitiated any claim under the policy, it is of no moment whether plaintiff, or its officers, knew or did not know of that fraud. The plaintiff is a mere appointee of the insured, and must stand or fall by the rights of the assured. Grosvenor v. Atlantic Co., 17 N. Y. 391; Moore v. H. F. Ins. Co., 141 N. Y. 219, 36 N. E. 191. From every point of view, therefore, the order for examination was unauthorized and should have been vacated.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.