HUBERT J. GILLETTE, as Trustee of JOHN H. WARREN, Bankrupt, Plaintiff, v. JOHN H. WARREN and CLARE A. WARREN, Defendants.*

Supreme Court, Orleans County. February 13, 1940.

*Heath & Heath*, for the plaintiff.

*Shay & Hanks*, for the defendant John H. Warren.

*Henry Irving Gordon*, for the defendant Clare A. Warren.

* Affd. 260 App. Div. 900.

DESMOND, J. The plaintiff sues to set aside certain transfers from defendant husband to defendant wife, which transfers, the complaint alleges, were fraudulent as against the creditors represented by plaintiff because, as it is claimed, they were made without consideration at a time when the transferor was insolvent, etc. The defendant wife moves to examine before trial the State Exchange Bank of Holley, N. Y., concerning the amount and kind of indebtedness owing by the defendant husband to that bank at various dates, apparently in connection with the issue of defendant's solvency when the alleged transfers were made. Application is made also for an order to the bank requiring it to produce certain records of its dealings with the alleged transferor. The defendant husband joins in the motions.

The trustee in bankruptcy, plaintiff, opposes, asserting that such an examination is unnecessary and unauthorized, pointing out that the State Exchange Bank is not a party and so must be examined, if at all, as a witness. Besides, says plaintiff, the subject-matter proposed for the examination concerns issues on which plaintiff, according to him, has the affirmative

Taking up the last suggestion first, it is true that a party cannot ordinarily have an examination before trial, on matters which his opponent must prove, but power exists to allow such examinations in proper cases. (*Public Nat. Bank* v. *National City Bank*, 261 N. Y. 316; *Caskie* v. *International R. Co.*, 230 App. Div 591.) Furthermore, it may well turn out on the trial of this action that defendant has, in practical effect at least, the burden of establishing solvency at the time of transfer. (*Cody* v. *Hovey*, 256 App. Div. 1038.)

A sufficient showing is made by the moving papers of necessity for this examination as defendants claim that their information is incomplete as to numerous loan transactions with the bank And it would seem that the previous refusal of the bank to furnish the desired information, plus the fact that the bank is one of the creditors in bankruptcy, plus the delays that may result on a trial if the records are there produced for the first time, together amount to such special circumstances as would justify an examination before trial of the bank, through its officers, as a witness under section 288 of the Civil Practice Act. (*Bloede Co.* v. *Devine Co.*. 211 App. Div. 180, 183; *Mayer* v. *New York Canners, Inc.*, 217 id. 202; *Zirn* v. *Bradley*, 257 id. 832; Id. 848.) But plaintiff further argues that a corporation cannot be examined as a witness under section 288. (*Weigand* v. *Schmitt*, 241 App. Div. 655, but contra see *Burrows* v. *Magnetic Analysis Corp.*, 231 id. 619.) We note that the *Weigand* decision really rests on the absence of special

circumstances in that particular case, although the memorandum opinion does state that "in general" corporations cannot be examined as witnesses under section 288.

The reason, of course, why it is suggested that corporations are not included in the provisions of section 288 of the Civil Practice Act, as to examinations of witnesses, is that the following section, 289, specifically covers examination before trial of corporations and refers not to a corporate witness but corporate party, or a corporation which is the original owner of a claim. Is not the State Exchange Bank one of the "original owners" of the claim in suit? As one of the creditors whom plaintiff represents, I think it can be fairly so regarded, and I accordingly think that the examination prayed for is authorized either under section 288 or section 289, and the production of papers by section 296. As was said in *McCullough* v. *Auditore* (216 App. Div. 510, 512): " In every respect, except being named in the record, the witness is an adverse party." In the exercise of discretion, to put the parties on an equal footing, and to save time on the trial, I allow defendants all the relief prayed for in the order to show cause, except that the examination is to cover only the period between the first and last alleged illegal transfers, the examination and production of records to be before a referee to be named in the order, at the bank offices at a time fixed by the referee.