## Fourth Department, October, 1940.
### (October 2, 1940.)

Hubert J. Gillette, Trustee of John H. Warren, Bankrupt, Appellant, v. John H. Warren and Clare A. Warren, Respondents.— Orders affirmed, with ten dollars costs and disbursements. All concur. (The order and the resettled order grant a motion of defendant Clare A. Warren to examine a third party before trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

James G. Graves, Respondent, v. Northern N. Y. Publishing Co., Inc., Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Memorandum: There was no valid contract upon which to base plaintiff's cause of action. The affidavits leave no issue of fact as to the defendant's contention that the alleged offer was published through mistake or error. It is clear from such affidavits that the defendant never actually intended to offer $1,000 to the person who would furnish it with the telephone number of the Western Union. The mistake was corrected as soon as it was discovered and the plaintiff was put to no loss or disadvantage on account of it. It is a matter of common knowledge that the Telephone Company will, upon request from " information," furnish the telephone number of a business subscriber like the Western Union free of charge. It was also apparent to the plaintiff that the alleged offer was printed in a " joke column " in defendant's newspaper. We conclude, therefore, that there was no such meeting of the minds as is essential to a valid contract. All concur, except Crosby, P. J., and Harris, J., who dissent and vote for affirmance in the following memorandum: In view of two of the defenses set up in the answer: (1) that plaintiff knew or should have known that defendant made a mistake in its published offer, and (2) that defendant's published offer was accepted by another before plaintiff accepted it, defendant has raised issues that should not be decided on a motion for summary judgment. The first of these two defenses is controverted by plaintiff's affidavit, and, in the very nature of things, the second defense mentioned is one as to which plaintiff cannot have knowledge sufficient to enable him either to admit it or deny it. (The order denies defendant's motion for summary judgment in an action to recover $1,000 offered to any person who would give to defendant's newspaper the telephone number of the Western Union in the city of Ogdensburg.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

Helmfrid Loydahl, Suing on Behalf of Himself and of Other Stockholders of Lundell-Eckberg Manufacturing Co., Inc., Similarly Situated and on Behalf of the Corporation, Respondent, v. Elmer Haglund, Appellant, D. Lawrence Carlson, Defendant, and Victor Lundell, Appellant, Constituting the Board of Directors and Sole Officers of the Lundell-Eckberg Manufacturing Co., Inc., and Lundell-Eckberg Manufacturing Co., Inc., Defendant.— Order so far as appealed from affirmed, with ten dollars costs and disbursements. All concur. (The portion of the order appealed from denies a motion of defendants Lundell and Haglund to vacate a notice and subpœna duces tecum for their examination before trial in a stockholder's action.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.