In the Matter of the Petition of THE NATIONAL CITY BANK OF NEW YORK to Render and Settle Its Intermediate Account of the Trust Created for the Benefit of E. HOWARD O'FLYN under the Last Will and Testament of MARY L. O'FLYN, Deceased. E. MONROE O'FLYN, Appellant; THE NATIONAL CITY BANK OF NEW YORK, as Trustee, etc., of MARY L. O'FLYN, Respondent.— Order of the Surrogate's Court, Kings County, granting in part and denying in part an examination before trial of The National City Bank of New York, as trustee, modified on the law and the facts by inserting after the third ordering paragraph the following: " Further Ordered that The National City Bank of New York produce all agreements, papers, documents, records and correspondence between it (or its predecessor trustee, The Peoples Trust Company) and Mary L. O'Flyn and Edward Howard O'Flyn or other persons or corporations concerning premises 571 Fulton Street, by one or more of its duly authorized officers having custody and knowledge of the same, for use upon such examination; and it is." As so modified, the order, in so far as appealed from, is affirmed, without costs, the examination to proceed on five days' notice, and without prejudice to an application by the appellant, if so advised, for examination before trial of appropriate officers and employees of The National City Bank of New York, as witnesses, with respect to all transactions between the named individuals concerning the premises in question. Although the order correctly limits the examination of the bank, as trustee, to its activities as such (*Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294; *Nagel* v. *Nagel*, 242 id. 845; *Bartlett* v. *Sanford*, 244 id. 722), the appellant should have been afforded other and further relief, where, as here, the moving affidavit shows that such relief is primarily sought. (*Van Slyke* v. *Hyatt*, 46 N. Y. 259.) This is with respect to evidence of the transaction in 1912 affecting the real property, at which time, it is alleged, The National City Bank, or its predecessor, was managing agent for decedent. The books and records of the bank, although in its possession in a capacity distinct from that of trustee, may be utilized in con-

nection with the examination of the bank as trustee (*Continental Ins. Co.* v. *Equitable Trust Co.*, 229 App. Div. 657) where the subject of the bank's knowledge and efforts, if any, to reduce the real property to its possession as trustee as an asset of the estate is pertinent. Although it may be that the bank cannot be examined as a witness (*Chartered Bank of India* v. *North River Ins. Co.*, 136 App. Div. 646; *McCormack* v. *Holbrook*, 176 id. 927), if further information be found necessary the appellant may make application for examination of appropriate officers and employees of the bank as witnesses to the alleged transactions in which the bank, or its predecessor, acted as managing agent of the decedent with respect to the affected property. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.