In the Matter of the Probate of the Will of MARIE ERICSON, Deceased.

Surrogate's Court, Suffolk County, May 22, 1951, on reargument, July 9, 1951.

*Sanford C. Nussenfeld* for Royal Consul General of Sweden on behalf of contestants.

*Fowler & Kendrick* for Philip B. Matthews, proponent.

*Joseph M. Stuckart,* special guardian.

HAZLETON, S. Respondents seek to examine the Southampton Hospital Association, by its agents, as a witness before trial under section 288 of the Civil Practice Act, and also request a discovery, inspection and copy of the hospital records pertaining to the decedent under section 324 of the Civil Practice Act.

The facts set forth in the moving papers show that the respondents are eight nonresident Swedish Nationals, consisting of the surviving heirs at law, next of kin and distributees of the decedent, and that they have no source of information

except that which could be gleaned for them by the Royal Consul General of Sweden at New York, or his attorney, who makes this motion in their behalf. Objections to the probate of the propounded paper have been filed and a Temporary Administrator appointed.

The application to examine the hospital as a witness is made under the " other special circumstances " provision of section 288 of the Civil Practice Act. This is an elastic instead of a fixed and restrictive provision, so that what constitutes " other special circumstances " depends upon the facts presented in each proceeding.

One of the purposes of examining subscribing and other witnesses in a probate proceeding is to ascertain whether grounds exist that would justify a will contest. It is the fact that the great majority of probate proceedings in which objections are filed result in failure upon the part of the contestants. Many such contests might be avoided if a wide latitude were given to objectants to examine witnesses so that in the event there were not revealed facts that would justify continuing with the contest it might be abandoned, while on the other hand if, in the face of what the examination revealed, the objectants still pressed what obviously was a hopeless case, then costs, in the event of their failure to succeed, could properly be imposed personally against the contestants.

In the instant matter the propounded paper was a so-called " deathbed will ", in which the attorney is named executor and the bulk of the estate left to a friend of the deceased, to the exclusion of her blood relatives residing in Sweden.

Under such circumstances this court believes that the contestants should be given every reasonable assistance to ascertain the conditions prevailing at the time the propounded paper was executed. The facts uncovered may accordingly justify continuing with the contest or bringing it to a quick close without a trial. It now appears that the courts have adopted a liberal attitude in the conduct of examination of subscribing witnesses pursuant to section 141 of the Surrogate's Court Act and where objections to a full examination have been raised the court has pointed out that, if a motion was made to examine the subscribing witnesses before trial pursuant to section 288 of the Civil Practice Act based on special circumstances, the motion would be granted.

This court holds that the conditions prevailing at the time the propounded paper was executed clearly constitute such " special circumstances " to exist in this proceeding that would justify

the examination of the Southampton Hospital Association through its agents, servants and employees.

The other part of this motion has to do with the examination of the hospital records concerning the deceased, since same might contain evidence necessary to the objectants in preparation for trial (Civ. Prac. Act, § 324). The reasoning applied in this decision anent the application to examine the hospital representatives under section 288 of the Civil Practice Act equally applies to a discovery and inspection of the records of the hospital under section 324 of the Civil Practice Act.

As to the point made in opposition to the effect that section 288 of the Civil Practice Act does not apply to corporations, the answer is found in the General Construction Law, wherein it is stated that whenever the term "person" is mentioned in a statute it also means corporation and a joint stock association (General Construction Law, § 37). In any event, the Southampton Hospital Association is an artificial person of an eleemosynary character into which the State has breathed the breath of life, so that it would not make sense in the administration of justice to be able to examine a " real person ", only at the next turn in the road to run into a wall that could conceal the truth solely because the witness to be examined happened to be an " artificial person ", that is, a corporation. A good rule to follow is, when in doubt about two courses, pursue the more certain. The course that certainly can contribute to revealing the conditions prevailing at the time the dying testatrix affixed her signature to the propounded paper lies along the avenue of examination and discovery provided by sections 288 and 324 of our Civil Practice Act.

This motion of respondents is therefore granted. Submit order accordingly on notice.

(On reargument, July 9, 1951.)

By this motion petitioner seeks to reargue a motion heretofore granted for discovery and inspection of the records of Southampton Hospital. Upon the argument of that motion opponent did not then urge that the examination of the hospital records of deceased came within the privilege provided by section 352 of the Civil Practice Act. However, upon this motion for reargument such statutory privilege is claimed. The contestants counter with their attorney's affidavit that they will waive at the opening of the examination the statutory privilege in accordance with section 354 of the Civil Practice Act,

Shortly before her death the deceased while in the Southampton Hospital executed the propounded paper in which she left the bulk of her estate to a friend to the exclusion of her eight next of kin who are nationals of and reside in Sweden. A previous will was in existence at that time. The Royal Swedish Consul at New York has filed objections in behalf of his nationals and seeks examination of the hospital records.

A ready reference of the law anent such an application is: hospital records are subject to subpœna (Civ. Prac. Act, §§ 412, 414), and to inspection. (Civ. Prac. Act, § 296.) They are privileged records. (Civ. Prac. Act, § 352.) The privilege may be waived, except as to confidential communications and such facts as would tend to disgrace the memory of the patient. (Civ. Prac. Act, § 354.) The waiver may be made by the personal representative, or in a will contest by the named executor or the surviving spouse, distributee of the deceased, or any other party in interest. (Civ. Prac. Act, § 354.) In the absence of a waiver the information sought is shut off at its source. (See *Matter of New York City Council* v. *Goldwater,* 284 N. Y. 296. Also, see Richardson on Evidence [7th ed.], §§ 503, 504.)

By way of comment, due to the zealous manner in which these hospital records are being kept secret this court has become curious as to just what they might show since it is essentially the duty of the Surrogate in the first instance to be satisfied that all legal requirements have been met before a propounded paper can be admitted to probate (Surrogate's Ct. Act, § 40).

The motion for reargument is granted and upon reargument this court finds no reason for disturbing its original decision. The examination will be conducted within the limits prescribed by section 354 of the Civil Practice Act. Before the examination of the hospital records gets under way the moving parties should place upon the record of the examination an express waiver of the provisions of section 352 of the Civil Practice Act. Submit order accordingly on notice directing the examination to proceed on July 23, 1951, at 10:30 o'clock in the morning at the Surrogate's Court Room in Riverhead, New York, or at such other time and place as the parties may agree upon.