Algeron I. Nova, J.
Defendant Anchor Steel Structures, Inc. (hereinafter referred to as “ Anchor”) moves to vacate so much of a notice of examination before trial of the defendant Beards Erie Basin, Inc. (hereinafter referred to as “ Beards ”) as states that such defendant will be examined as a witness against the defendant Anchor. This motion was brought by Mary Capone, as administratrix of Nicholas Di Giacomo, to recover for personal injuries and damages resulting from the wrongful death of her intestate while he was employed as a carpenter by the firm of Golub and Bar rick. The latter are subcontractors allegedly engaged by defendant Anchor, the general contractor. Defendant Beards is the owner and operator of a “ Breakwater Pier ” in this borough where buildings were being constructed or repaired when the accident in question occurred. Heretofore, plaintiff served a notice of examination before trial upon the defendant Beards. A copy of that notice was also served upon defendant Anchor, with notice that Beards would be examined as an adverse party as well as a witness against the codefendant Anchor. An invitation to attend the examination and cross-examine the witnesses produced by Beards was extended to the codefendant. The only objection raised by the defendant Anchor is to that portion of the notice which states that the deposition of defendant Beards will be taken as a witness against defendant Anchor. It is now well settled that a plaintiff may take a deposition of a defendant as a witness against any codefendant provided the latter has “ plain notice to that effect.” However, in such case, there must be compliance with those provisions of section 288 of the *491 Civil Practice Act, which relate to the taking of depositions of witnesses generally. In Gillette v. Warren (175 Misc. 614, 615-616, affd. 260 App. Div. 900) the court stated that the case of Weigand v. Schmitt (241 App. Div. 655) was decided on the basis of the lack of any special circumstances. It has been held that a bank cannot be examined as a witness, although an application to examine appropriate officers and employees thereof as witnesses to the alleged transaction can be granted. A sufficient showing has been made warranting the conclusion that special circumstances do exist herein entitling plaintiff to the examination of the corporate defendant, by its officer, agent or employee who has knowledge of the facts both as a party defendant and as a witness against the codefendant. Motion is denied. Settle order on notice.