HAROLD J. SMITH LEATHER CORP., Plaintiff, *v.* SLATER-BOROFF, INC., Defendant.

Supreme Court, Special Term, Saratoga County, April 15, 1954.

*Maider, Maider & Smith* for plaintiff.

*Maxwell Parnes* for defendant.

HUGHES, J. This is an action brought by the plaintiff against the defendant to recover the balance due for goods, wares and merchandise sold and delivered.

On February 18th of this year, the defendant's attorney served a notice upon the plaintiff's attorneys to examine George Steiner, the alleged manager of the plaintiff's alleged New York City office at No. 9 East 40th Street in New York City. The examination was scheduled for the 3d day of March, 1954, at 10:00 A.M. in the forenoon of that day, although the notice stated the 3d day of March, 1953, which was apparently a typographical error, and the plaintiff has raised no issue as to the same.

On the 25th of February of this year, the plaintiff's attorneys obtained an order to show cause, returnable before this court on the 5th of March, 1954, at a Special Term thereof, which term was to be held in the city of Saratoga Springs, in the County of Saratoga and State of New York, and said order stayed the taking of testimony under the said notice until the determination of this motion.

The plaintiff's attorneys are seeking to vacate or modify the notice of examination of George Steiner, and in the alternative, if an examination should be found to be appropriate, they are asking that the place of examination be held in the city of Gloversville, County of Fulton and State of New York.

Section 289 of the Civil Practice Act provides for the examination of a corporation and it further provides for the examination of an employee.

It is admitted in the moving papers that George Steiner, who is sought to be examined, is an employee of the corporation.

Section 300 of the Civil Practice Act provides for the place of examination, and although the reference to the examination is a person, the term " person " includes a corporation and a joint stock association. (See General Construction Law, § 37.)

The items which the defendant seeks to examine are as follows:

" The matters with respect to which such testimony is to be taken are as follows: 1 — All of the relevant and competent facts and circumstances concerning a contract entered into between the parties for the purchase from the plaintiff by the defendant of certain leather goods. 2 — That said leather goods were delivered by plaintiff at various times and to certain places. 3 — That defendant has made various payments to plaintiff on account of said deliveries. 4 — That a substantial quantity of said leather was defective and not in accordance with the contract of purchase. 5 — That plaintiff agreed to accept a return of said defective leather. 6 — As to communications between the parties regarding said defective goods."

In addition thereto, the notice directs that the said George Steiner produce upon his examination such records, books, papers, documents, correspondence, copies thereof and other writings, files and other papers of the plaintiff corporation kept in its place of business. In connection with the direction that the said George Steiner produce said records, it is to be observed that they can only be produced by a subpœna duces tecum where the initiation of the examination is by notice rather than by order. (See *Sapakas* v. *Shulsk,* 181 Misc. 607, 609.) " Thus in *Soehner* v. *Aplo Clothing Co.* (251 App. Div. 793) it was held: ' The production of books, papers and records cannot be compelled by notice. It must be done by order (Civ. Prac. Act § 296), and the order herein was only one passing upon the validity of the notice, and vacating parts thereof.' "

As to the items sought to be examined, the court allows the following: " 1 ", " 2 " and " 6 ". These items are allowed as follows: 1 — The pleadings are silent as to whether or not the contract was oral or in writing. 2 — The defendant is entitled to know the time and place of the delivery of said leather goods. 6 — The defendant is entitled to know what communications there have been between the parties regarding said defective goods.

The court disallows items " 3 ", " 4 " and " 5 ", as these are facts which should be within the knowledge of the defendant,

and particularly so because of the affirmative and partial defense of the defendant in which it is alleged that the plaintiff agreed to accept a return of a substantial quantity of said leather by reason of defective quality.

The court, in a proceeding of this sort, is not to pass upon the competency or admissibility of evidence, but is merely to determine whether questions are relevant. (See *Guenther* v. *Ridgway Co.,* 159 App. Div. 74, 77.) '' It will be observed that the Legislature did not confer authority on the justice of the court before whom the examination is had, or on the justice or the court if it be had before a referee, to pass upon the *competency* or *admissibility* of the evidence.'' (See, also, *Antun* v. *Viola,* 235 App. Div. 816.)

As to the place of examination, the statute provides in part, as follows: '' Where a person to be examined, as prescribed in this article, within the state, is a resident of the state, he shall not be required to attend in any county, other than that in which he resides, or where he has an office for the regular transaction of business in person.'' (Civ. Prac. Act, § 300.)

From the moving papers, it appears that the so-called office maintained by the plaintiff in the city of New York is merely a salesroom and that the only office of the corporation is located at No. 26 Washington Street, Gloversville, New York.

By a supplemental affidavit, it appears that at no time do the number of samples and inventory of the corporation in the so-called New York City office exceed 5% of the total. It further appears that all of the records of the corporation are kept at the Gloversville office.

The statute provides that the examination shall not be held in a county other than that in which the party resides or where he has an office for the regular transaction of business in person. There seems to be little or no authority as to what constitutes a place for the regular transaction of business. However, Ballentine's Law Dictionary with Pronunciations, in the second edition, defines '' regular '', as follows: '' The word is derived from the Latin word ' regula,' meaning, a rule. Its first and legitimate signification, according to Webster, is, conformable to a rule; agreeable to an established rule, law, or principle; to a prescribed mode; or according to established customary forms. See *Meyers* v. *Rasback,* 4 Howard Pr. (N. Y.) 83, 85.''

If the court applies the definition of the term '' regular '', and the court so does, the established and customary place of business of the plaintiff corporation is at No. 26 Washington

Street, in the city of Gloversville, County of Fulton and State of New York.

It would be a hardship upon the plaintiff to produce all of its records for the purpose of examination in the city of New York, and it is hard for this court to construe the intention of the statute as requiring an examination to be held there.

It is true that the courts have held that the locale of the examination may be held where the party has an office for the regular transaction of business in person. (See *Seidman* v. *Wolff*, 27 N. Y. S. 2d. 136, 138.) In the *Seidman* v. *Wolff* case (*supra*), the court did not pass upon the question of what constitutes an office for the regular transaction of business.

In summarizing the decision of this court upon this application, it allows the notice of examination as to items " 1 ", " 2 " and " 6 " in the defendant's notice of examination and disallows items " 3 ", " 4 " and " 5 ".

The court further directs that the examination be held at the plaintiff's regular place of business at No. 26 Washington Street, in the village of Gloversville, County of Fulton and State of New York.

Submit order.