Marcus G. Christ, J.
Motion by plaintiff for an order vacating a notice of examination before trial and quashing a subpoena in connection therewith. The examination sought is one of Riverside Plastics Corporation by its president, Frank J. Nussbaum. The corporation is not a party to this litigation and it is sought to examine it as a witness in behalf of the defendant through the corporation’s president. Plaintiff contends that a corporation may not be examined as a witness and there is authority at hand to support his contention. (Chartered Bank of India, Australia & China v. North Riv. Ins. Co., 136 App. Div. 646; Weigand v. Schmitt, 241 App. Div. 655.) But authority also exists to support the defendant’s claim of a right to con *492 duct such an examination. (Rubel Corp. v. Rosoff, 251 App. Div. 868; Ettinger v. Commercial Travelers Mut. Acc. Assn. of America, 266 App. Div. 876; Gillette v. Warren, 175 Misc. 614; Matter of Ericson, 200 Misc. 1005.) The relevancy and materiality of the information which the defendant hopes to elicit by means of the examination is established by the issues raised under the pleadings. In view of plaintiff’s status in Riverside Plastics Corporation it is likely that Mr. Nussbaum will be an unwilling or reluctant witness, if not a hostile one and this would warrant permitting his examination before trial. (Kraushaar v. Gross, 270 App. Div. 953.) If the present notice of examination before trial were to be vacated upon the authority of cases which have held that a corporation may not be examined before trial as a witness, the court would feel obliged to provide that the order be without prejudice to an examination of Frank J. Nussbaum, individually, as a witness. Taking into account the conflict in authority as to whether a corporation may be examined before trial as a witness and the circumstances revealed in this case the court believes that the examination should be permitted and accordingly disposes of the motion in the following manner.
The motion to vacate is granted to the extent of striking out Item “ 7 ” in the notice of examination and Item “ 5 ” in the subpoena upon the ground that each of these items relates to matters which would unjustifiably require disclosure of customer lists which are the property of Riverside Plastics Corporation. In all other respects the motion to vacate and quash the subpoena is denied. The examination will proceed at Special Term Part I of this court on a date to be fixed in the order entered hereon or at such other place and time as the parties may agree upon in writing and upon five days’ prior written notice of the place and time of such examination.
Settle order on notice.