Christopher C. McGrath, S.
This is a motion by a witness for an order vacating a notice of examination before trial and quashing a subpoena in connection therewith which requires the witness to produce all bank statements, checks, check stubs, vouchers and records or copies thereof of the decedent. The witness sought to be examined is the First National City Bank of New York by one of its officers. This corporation is not a party to the litigation and it is sought to examine it as a witness in behalf of the decedent’s widow who is an objectant to an executor’s accounting. Facts have been alleged in the widow’s affidavit in opposition to this motion which the court considers sufficient to show special circumstances warranting the examination of the bank by an officer thereof.
The bank contends that a corporation may not be examined as a witness. Although there is authority to support the bank’s contention (McCormack v. Holbrook, 176 App. Div. 927; Matter of O’Flyn, 262 App. Div. 760; Weigand v. Schmitt, 241 App. Div. 655; Matter of Altschul, 142 N. Y. S. 2d 484, 489), there are cases which sustain the right to examine a corporate witness (Rubel Corp. v. Rosoff, 251 App. Div. 868; Ettinger v. Commercial Travelers Mut. Acc. Assn. of America, 266 App. Div. 876; Gillette v. Warren, 175 Misc. 614, affd. 260 App. Div. 900; Matter of Ericson, 200 Misc. 1005; Tomford v. Bodnar Ind., 3 Misc. 2d 491). In Gillette v. Warren (supra) the court stated that the case of Weigand v. Schmitt (supra) was decided on the basis of lack of any special circumstances and in other cases where corporate witnesses were permitted to be examined special circumstances were found to exist. Since this court finds that special circumstances do exist herein the cases which appear to sustain the bank’s position are not controlling.
In support of its argument to quash the subpoena duces tecum requiring the witness to produce all bank records of the decedent *376 or copies thereof, the bank states that compliance will be burdensome, oppressive and expensive. The bank qlaims that it does not have the instruments and documents sought herein except on Recordak Films where such instruments and documents are interspersed with recordaks of many other documents and instruments. It is further argued that the film of these records cannot be read without the aid of a machine which magnifies and illuminates them. In addition the witness states that the cost to the bank of locating and photostating cancelled checks and transcripts of statements is expensive. Although the bank admits that it must incur some expense in answering subpoenas, it alleges that the expense involved in producing the material specified in this subpoena is oppressive.
Although the court is cognizant of the hardship imposed upon the bank by the production of these records, it also recognizes that these records are necessary and material to the decedent’s widow in proving her objections to the executor’s accounting. The court, however, cannot overlook the fact that the Legislature has expressed a policy of liberalizing the law with reference to the production of books and papers upon an examination before trial (see Civ. Prac. Act, § 296, as amd. by L. 1955, oh. 497, eif. Sept. 1, 1955).
Accordingly, this motion to vacate and to quash the subpoena is denied with the suggestion that the attorney for the objectant arrange for the examination at the bank’s premises at a time when the examination and production of the records will cause the bank the minimum of inconvenience and expense.
Settle order.