SOUTHBRIDGE FINISHING COMPANY, Appellant, v. JULIUS GOLDING, Doing Business as J. G. TEXTILE COMPANY, Respondent.

First Department, November 13, 1956.

*Simon H. Rifkind* of counsel (*Martin Kleinbard* and *Arthur B. Frommer* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellant.

*Lester Lyons* of counsel (*Louis J. Gribetz,* attorney), for respondent.

BOTEIN, J. This is an action seeking damages for goods sold and delivered and for fraud. Plaintiff, a textile manufacturing corporation, alleges that its treasurer, who was in charge of its Sturbridge, Massachusetts, plant, entered into a conspiracy with the defendant, a textile converter, to defraud the plaintiff by, among other things, causing finished goods sold to the defendant to be billed as " rags ", " pound goods ", " seams " and " trimming " for which defendant paid less than one tenth of what they were actually worth.

On examination before trial, defendant claimed his privilege against self incrimination, and we have by a concurrent decision (2 A D 2d 882) upheld his refusal to answer the questions propounded. The instant appeal involves the denial of plaintiff's motion to examine three of the corporations that purchased such goods from the defendant — corporations that are not parties to this action — on the ground that such corporations could not be examined before trial " as witnesses ". Since

plaintiff's own records were falsified by one of the alleged conspirators, the only way it can uncover the extent of the fraud is by scrutinizing the transactions involving defendant's resale of the goods in question, to ascertain how defendant invoiced the same goods to its customers. However, defendant's customers are unwilling to divulge any of the required information voluntarily, so that plaintiff, unaided by judicial compulsion, has thus far been completely thwarted in its efforts to obtain this highly material and necessary information before trial.

Section 288 of the Civil Practice Act authorizes the taking of testimony from a party, an original owner of a claim in suit, their agents or employees, or, where special circumstances exist, of " any other person ". The cases are in conflict as to whether the term " any other person " is broad enough to cover corporations. Some courts have held that the term applies only to individuals (*Chartered Bank of India, Australia & China* v. *North Riv. Ins. Co.*, 136 App. Div. 646; *McCormack* v. *Holbrook*, 176 App. Div. 927; *Weigand* v. *Schmitt*, 241 App. Div. 655; *Matter of O'Flyn*, 262 App. Div. 760). Others have applied it to corporations as well (*Gillette* v. *Warren*, 175 Misc. 614, affd. 260 App. Div. 900; *Matter of Ericson*, 200 Misc. 1005; *Harold J. Smith Leather Corp.* v. *Slater-Boroff, Inc.*, 206 Misc. 124; *Capone* v. *Beards Erie Basin*, 3 Misc 2d 490; *Tomford* v. *Bodnar Industries*, 3 Misc 2d 491). In still other cases the right to examine a corporation not a party has not even been called into question and therefore allowed (*Burrows* v. *Magnetic Analysis Corp.*, 231 App. Div. 619; *Rubel Corp.* v. *Rosoff*, 251 App. Div. 868; *Griffith* v. *Carlyle Rubber Co.*, 286 App. Div. 961; *Ettinger* v. *Commercial Travelers Mut. Acc. Assn. of America*, 266 App. Div. 876; *Goshin* v. *Goshin*, 281 App. Div. 979).

This confusion may stem in part from the fact that there has developed a widespread tendency, in judicial decisions as well as in practice, to label a pretrial examination of persons other than parties as an examination of witnesses. In this very case the notice of motion sought an examination of three corporations " as witnesses " and the Special Term decision denied the motion to examine the " corporations as witnesses ". Of course, a corporation cannot take the stand, understand the nature of an oath, reflect on questions and utter answers; and so a surface reaction is to reject any notion of a corporation giving testimony as a witness.

But there is no statutory basis for examination of any person, whether corporation or individual, in the capacity of a witness. Section 288 of the Civil Practice Act permits the examination, with immaterial exceptions, only of a party or " of any other

person ''. As a matter of professional shorthand it has become the practice to substitute the word '' witness '' for the more cumbersome '' person other than a party or original owner of a claim in suit ''. If such examinations were to be limited to persons physically able to express thoughts through spoken words, corporations that are parties to actions should likewise be immune to examination before trial. However, for reasons that will be touched on later, there is explicit statutory authority to examine corporations that are parties to an action (Civ. Prac. Act, §§ 289, 292-a). It would therefore appear that while there is no statutory authority to examine a corporation *as* a witness, there is no prohibition against examining a corporation *through* witnesses.

The Civil Practice Act itself calls for a liberal construction, so that implied restrictions on the remedies afforded are not to be read into the act unless clearly called for (Civ. Prac. Act, § 2; *Eagle-Picher Lead Co.* v. *Mansfield Paint Co.*, 203 App. Div. 9). Moreover, the Court of Appeals, speaking explicitly about the scope of the examination before trial of '' any other person '', has said: '' Courts should not strain to limit the availability of such an important remedy, by narrowly circumscribing the reach of the words so inclusive as ' any   *   *   *   person,' whose very generality bespeaks a legislative design that the provision be accorded a very broad content ''. (*City of Buffalo* v. *Hanna Furnace Corp.*, 305 N. Y. 369, 377.) Given this mandate of construction, a re-examination of the diverse judicial views on the subject is indicated, in the light of our current liberal concepts.

The cases holding that a corporation could not be examined before trial, except as a party or original owner of a claim, rely for the most part upon the 1910 decision of this court in *Chartered Bank of India, Australia & China* v. *North Riv. Ins. Co.* (136 App. Div. 646, *supra*). In that case it was remarked that there appeared to be no authority for allowing a pretrial examination of a corporation as '' a person not a party '' (Code Civ. Pro., § 871) since, the court reasoned, a '' person '', in the sections dealing with pretrial examination, meant a witness, a witness was one who could testify; and as a corporation could not itself testify it was not a '' person '' and could not be examined.

The syllogism thus expressed, crowned with the conclusion that a corporation is not a '' person '' subject to examination before trial, creates an exception to section 37 of the General Construction Law, which provides that wherever mentioned in a statute, the term '' person '' includes a corporation. While the definitions of terms in the General Construction Law are not

controlling where the general object or context of the language construed indicates that a different meaning or application was intended (General Construction Law, § 110), the necessity for applying a different definition must clearly appear (*People* v. *Bleecker St. & Fulton Ferry R. R. Co.*, 140 App. Div. 611, 619-620, affd. 201 N. Y. 594; *O'Keefe* v. *Dugan*, 185 App. Div. 53, affd. 225 N. Y. 667; *Matter of Village of Bronxville* v. *Francis*, 206 Misc. 339).

The witnesses through whom private and public corporations may be examined as adverse parties are expressly recited in the statute (Civ. Prac. Act, §§ 289, 292-a). It is argued that the failure to make similar provision for examination of corporations not parties to the action evidences a legislative intent to exclude such corporations as '' persons '' whose testimony can be taken before trial. It would appear that the real reason for specifying the witnesses through whom the depositions of corporations may be taken as adverse parties is that their testimony, unlike that of nonadversary corporations, can be read into evidence at the trial (Civ. Prac. Act, § 304) and may constitute admissions against interest.

Similarly, it cannot be said that the nature of the conditions imposed by section 304 before the depositions of those other than adverse parties may be read in evidence indicates a statutory pattern contemplating the examination only of individuals. While '' insanity, sickness or other infirmity, or imprisonment '' are conditions which obviously can apply only to individuals, it need not be labored that there are other alternatives in section 304 — that the deponent is out of the State, or over 100 miles from the place of trial, or that its attendance cannot be compelled by subpœna — that could apply equally to corporations. The personal conditions of that section can be construed as applicable to the individual who appears and gives testimony for the corporation. In any event, examinations may be had even if the testimony elicited cannot be read into evidence at the trial. Examinations of witnesses before trial are not designed solely to preserve testimony which might otherwise be unavailable. The pretrial examination of today is concerned more acutely with the preparation of the case than with the preservation of testimony.

''The purpose of examinations before trial, like the trial itself, is to get out the facts. As the trial should be an open meeting on the merits, both sides should have a fair opportunity, in advance of trial, to garner evidence. Examinations before trial are thus a useful procedure in facilitating preparation and expediting the trial.'' (*Marie Dorros, Inc.* v. *Dorros Bros.*, 274 App. Div.

11, 13.) Special circumstances are often presented which warrant the examination before trial of a person other than a party, even though such person might be available for the trial. (See *Lyon* v. *Fieldgren Realty Corp.*, 190 Misc. 700, affd. 273 App. Div. 917, and cases cited therein.) Thus examinations of witnesses are permitted when it is established that they are hostile (*Reif* v. *Gebel*, 246 App. Div. 776) or where the witness has special or exclusive knowledge of the facts in issue (*Manufacturers Trust Co.* v. *American Nat. Fire Ins. Co.*, 232 App. Div. 536; *Bartlett* v. *Sanford*, 244 App. Div. 722).

Certainly the plaintiff here has made an adequate showing of special circumstances justifying the examination of defendant's customers to obtain the necessary information available nowhere else. It would make little sense to compel it to resort to the subterfuge of examining named individuals in the employ of the corporate customers, rather than the corporations themselves. Should the pretrial examination of persons other than parties be restricted only to individuals, serious difficulties would be presented. The names of the individuals with the required information might not be known, or they might be nonresidents not directly amenable to process even though their corporations had offices in New York. In many cases there would be no point in commencing the inquiry with the busy president of the corporation, only to learn that the bookkeeper or the office boy had more knowledge of the facts in issue.

There is another consideration in favor of the examination of corporations as such, rather than of their agents in their individual capacities. It may be, as it is in the present case, that the information sought is lodged in corporate records, and that it is the records more than the personal testimony of a witness that is required. The records should be reachable and it is more appropriate and legally fitting that they should be produced on an order of examination addressed to the corporation than on an order addressed to an individual who has no proprietorship in the records and no right to deal with or disclose them except as an agent of the corporation.

On balance, we are persuaded that the reasoning of *Chartered Bank of India, Australia & China* v. *North Riv. Ins. Co.* (136 App. Div. 636, *supra*) and the cases based on it holding that corporations are not " persons " who can be examined before trial cannot be upheld in the light of the directions for broad construction in *City of Buffalo* v. *Hanna Furnace Corp.* (305 N. Y. 369, *supra*) and the changed concepts of the function of pretrial examination.

436

The order appealed from denying the plaintiff's motion to examine the corporations should be reversed and the motion granted in its entirety. The appeal from the order denying the motion to examine the corporation presidents as individuals thereby is rendered academic, and is dismissed.

PECK, P. J., RABIN, Cox and VALENTE, JJ., concur.

Order denying plaintiff's motion to examine three corporations before trial as witnesses, unanimously reversed and the motion granted in its entirety. Settle order on notice. Order denying plaintiff's motion to examine three individual witnesses before trial, having become academic by virtue of the decision of this court in [the above appeal] decided herewith, said appeal is dismissed.