**Milton WEISS and Sarah Betty Weiss, suing on behalf of themselves and all other stockholders of Canadian Javelin Limited similarly situated, and on behalf of the said Canadian Javelin Limited, Plaintiffs,**

v.

**John Christopher DOYLE, Harold LeBrock, Maurice Lachmann, Thomas E. Bradley, Charles O. Finley, John Gaido, Joseph M. McDaniel, Jr., Henry Metz, Jr., Joseph Scialabba, Roy A. Young and Canadian Javelin Limited, Defendants.**

United States District Court
S. D. New York.
Nov. 18, 1959.

13. Either from the New York County Clerk or from credit agencies which furnish such information upon request.

Rosenman, Goldmark, Colin & Kaye, New York City, for plaintiffs, Ambrose Doskow, New York City, of counsel.

Gallop, Climenko & Gould, New York City, for defendant Canadian Javelin Ltd., Milton S. Gould, New York City, of counsel.

Diamond & Golomb, New York City, for defendants Harold LeBrock, John Gaido, Maurice Lachmann, Joseph Scialabba and Thomas E. Bradley; Irving L. Golomb, New York City, of counsel.

Christy, Perkins & Christy, New York City, for defendant, John C. Doyle, Arthur H. Christy, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Canadian Javelin Limited, the defendant on whose behalf this derivative action is brought by the plaintiff stockholders,

moves to stay all proceedings pending the further order of this Court. Six individual defendants join in the motion.

Canadian Javelin Limited is a Canadian corporation, the stock of which was widely sold and distributed in the United States.

The conduct of its affairs has brought a plethora of law suits in this and the New York state courts. All seek to redress the wrong allegedly perpetrated upon the corporation by faithless officers and directors. There are pending in this Court six actions, including the instant one. Of these, five are brought by separate stockholder plaintiffs; the sixth was commenced by two directors who themselves are named as defendants in a number of derivative actions.

Nine additional separate actions are pending in the state Supreme Court. Eight are derivative actions filed by eight separate stockholder plaintiffs; the ninth action was commenced by the corporation. In the latter action which is referred to hereafter as the "corporate action", Canadian Javelin Limited, the plaintiff, is represented by counsel, who also appear for it in this and in all other derivative actions wherein it is a nominal defendant. These attorneys have moved to stay the instant action.

The attorneys for the plaintiffs in this action who oppose the motion, are also the attorneys for different plaintiffs in one of the state court actions referred to as "state court action # 2". They also represent the two plaintiff directors who commenced one of the actions pending in this Court. Parenthetically, it is noted that the same two directors are also named as defendants in this action.

The causes of action which are alleged in the various suits, federal and state, whether by stockholders, directors, or the corporation, are substantially the same and center about the same transactions; the relief sought in each is the same—to compel corporate fiduciaries to account for breach of duty. With few exceptions, the same defendants are named in all actions. In a number of instances, the same stockholder plaintiffs, represented by the same attorneys, have commenced actions in both the federal and state courts.

To place the matter in proper perspective, it is desirable to note the present status of the state court actions and then to consider the basis of opposition by plaintiffs' attorneys to the requested stay.

On motion of the corporate defendant, the eight separate state court derivative actions were ordered consolidated and a general counsel designated to conduct all proceedings on behalf of the respective plaintiffs. All plaintiffs' counsel appeared to be in accord as to the desirability of consolidation. However, they parted company on the question of who should be designated as general counsel. Counsel for the plaintiffs herein, representing the stockholder plaintiffs in the state court action # 2 opposed consolidation unless they were appointed general counsel.[1]

The state Supreme Court Justice found that although they (as well as other counsel who sought the designation) were highly qualified—which indeed they are —they were disqualified to serve as general counsel in a consolidated action. The basis of this disqualification was that one of the plaintiffs represented by them in action # 2 was a defendant in another derivative action as well as in the corporate action and further, that this plaintiff was allegedly a partner or close associate of one who had been named as a defendant in one or more of the other actions.

The state court, after appraising the qualifications of various counsel, designated as general counsel the attorneys who represented the stockholder plain-

---

[1] In view of counsel's opposition to consolidation unless they were designated as general counsel, the order of consolidation provides that action # 2, at the election of plaintiffs' attorneys, need not be consolidated in which event it is stayed. It has not been indicated whether or not such an election has been filed.

tiffs in action # 7. Admittedly, they are attorneys with extensive experience in this field of litigation. The order of consolidation provides they are to initiate all discovery proceedings and to conduct the litigation on behalf of the stockholder plaintiffs. Other counsel representing the respective plaintiffs in the derivative actions are permitted to participate in the pre-trial proceedings as well as in the trial proper, as provided in the order. Seemingly, this would afford the corporation an appropriate remedy for the prosecution of its claims. Nonetheless, plaintiffs urge the need for the prosecution of this suit as well. Plaintiffs point to the order which permits the consolidated action and the corporate action to proceed apace, requires that the depositions in both actions are to be taken at the same time, and that the counsel in each action shall notify the other of all discovery proceedings, motions and "litigative" steps he proposes to take. Plaintiffs say the end result of this procedure is that there is a single action in which general counsel in the consolidated derivative suit acts jointly with the attorney in the corporate suit. The plaintiffs then charge that counsel for the corporation was selected by Doyle, the President and Chairman of the Board of Directors of Canadian Javelin Limited, who is a principal defendant in all actions; that a majority of the board was, and is, under his domination. Accordingly, they contend that for general counsel to act in cooperation with counsel for Canadian Javelin Limited will prevent vigorous prosecution of the action; that the effectiveness of the general counsel will necessarily be impaired and hence, there is imperative need for an entirely independent

stockholders' action. In turn, counsel for the corporation denies he is, or ever was, counsel for Doyle or under his domination; he contends that on the contrary, it was he, who on behalf of the corporation, unearthed the basic facts which form the subject matter of the charges against Doyle and others. Further, the independence of plaintiffs' counsel in this action is questioned; they are charged with being in the rather anomalous situation of representing two directors [2] as plaintiffs in their action against the corporation who are named as defendants in this very action. It is unnecessary to consider the charges and countercharges. No charge is advanced against the general counsel appointed by the state court in the consolidated action.

The fundamental question, it seems to this Court, is whether an adequate forum is available where the charges of overreaching of this corporation will be heard and prosecuted against the alleged wrongdoers in good faith and with ability and determination, or, putting it conversely, whether a stay of this action would be detrimental to the corporate interest. This is not a case where a litigant, a stranger to another suit, is compelled to stand aside while the other suit determines the rule of law that will define the rights of both.[3] Conceptually, these plaintiffs and those in all the derivative actions are the same. They sue, whether in this Court or in the state court, not in their own right but in the right of the corporation.[4] Nothing has been presented which in any wise warrants the charge that general counsel will be deterred from advancing, to the limit of his ability and with fidelity, the corporate claims against all those charged

**2.** Since the argument of this motion one of the plaintiff directors has filed an affidavit requesting leave to withdraw as a coplaintiff on the ground "that the multiplicity of suits seeking the same objective did not require my participation in the present action, and that the interests of all parties would be as fully protected without my participation therein as though I were to participate as a party plaintiff.

**3.** Cf. Brendle v. Smith, D.C.S.D.N.Y.1942, 46 F.Supp. 522, 524.

**4.** Koster v. (American) Lumbermens Mut. Cas. Co., 1947, 330 U.S. 518, 522, 67 S. Ct. 828, 91 L.Ed. 1067; Carruthers v. Jack Waite Mining Co., 1953, 306 N.Y. 136, 140, 116 N.E.2d 286, 288; Schreiber v. Butte Copper & Zinc Co., D.C.S.D.N.Y. 1951, 98 F.Supp. 106, 112.

with malconduct. The suggestion that because, under the consolidation order, he and counsel representing the corporation in this action are to notify each other of proposed steps and procedures prosecution of the claims will be impeded, falls of its own weight. Clearly, the provision was designed to avoid duplicitous effort. Moreover, other counsel representing plaintiff stockholders in the various suits which were consolidated are permitted, as already noted, to participate in the discovery proceedings and the trial proper. There is no reason for assuming that these counsel are, or will be, less diligent in protecting the corporate interest than counsel for plaintiffs in this suit. However, plaintiffs' attorneys herein urge that the simultaneous prosecution of the consolidated action and this action by attorneys having different positions can conceivably result in substantial benefit to the corporation and indeed it is urged that all litigants be allowed to press their contentions in their respective suits. Presumably the principal benefit to be gained is the liberal pre-trial procedure available under the federal rules as recognized in Mottolese v. Kaufman.[5] Other than this suggested advantage, which can be availed of as hereafter indicated, no other advantage of substance is indicated—indeed, on balance, it would appear not only to the corporation's disadvantage but also contrary to the public interest. If this action is permitted to go forward, no reason appears why the five other actions now pending in this Court likewise should not be permitted to proceed. Should all these actions proceed apace, it would follow that the Court would be deluged with a multitude and variety of applications which are the usual concomitant of this type of suit.

▪▪ While parties have a right to this forum, granted under the diversity statute, they have no right to engage the Court or their adversaries in wasteful activities when another forum is available where claimed grievances may be fully and fairly heard and a disposition made upon the merits.[6] The public interest requires that the Court "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants".[7]

▪ Court congestion today, as always, is a matter of major concern in the administration of justice and to permit this action to continue, under the facts here presented, would be to add unnecessarily to that congestion and to delay other litigants who await trial and for whom no other avenue of relief is available. To be sure, the congestion alone is no ground for denying a litigant access to courts.[8] But here, the corporation has ample opportunity to redress its grievances in the consolidated state court action, which counsel for the plaintiffs were themselves prepared to advance there had they been favored with the general counselship.

▪▪ The interests of the corporation whose rights the various plaintiffs seek to vindicate also require that this action should be stayed. To permit it to proceed would not only involve duplicitous effort but would impose additional financial burden upon the corporation for legal and other expenses, expose it to further liability for payment of indemnity to director defendants[9] in the event they succeed in defeating this and other suits; it would unnecessarily divert the efforts and energies of corporate officials from their duties in furthering the corporate interests in order to meet problems inherent in additional and multiplicitous suits. The single consolidated action would serve the best interests of the corporation and the stockholders.

5. 2 Cir., 1949, 176 F.2d 301, 303.

6. Mottolese v. Kaufman, 2 Cir., 1949, 176 F.2d 301, 302-303.

7. Landis v. North American Co., 1936, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153.

8. Cf. Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., D.C.S.D.N.Y., 105 F.Supp. 169, 174, affirmed, 2 Cir., 1952, 199 F.2d 760.

9. See, e. g., N.Y.General Corporation Law, § 63.

While the state court pre-trial procedure has been liberalized [10] since the ruling in Mottolese v. Kaufman, supra, nonetheless, as a condition of granting the stay of this action, the individual defendants who have joined in the present motion will be required to stipulate that their respective examinations in the state court shall be in accordance with the Federal Rules of Civil Procedure [28 U.S. C.A.].

Settle order on notice.

---

10. See, e. g., City of Buffalo v. Hanna Furnace Corp., 1953, 305 N.Y. 369, 377, 113 N.E.2d 520, 524; Southbridge Finishing Co. v. Golding, 1956, 2 A.D.2d 430, 156 N.Y.S.2d 542. However, the liberalized attitude has not been extended to stockholders' derivative actions. See N. Y. County Supreme Court Rule (Trial Terms) XI(7); Van Aalten v. Mack, 1959, 7 A.D.2d 289, 182 N.Y.S.2d 648.