Charles O. **FINLEY** and Henry Metz, Jr., as directors of Canadian Javelin Limited, suing on behalf of that corporation, Plaintiffs,

v.

John Christopher **DOYLE**, Harold Le-Brock, Thomas E. Bradley, John Gaido, Maurice Lachmann, Joseph M. McDaniel, Jr., Joseph Scialabba, Roy A. Young, and Canadian Javelin Limited, Defendants.

United States District Court
S. D. New York.
Nov. 27, 1959.

Rosenman, Goldmark, Colin & Kaye, New York City, Amerose Doskow, New York City, of counsel, for plaintiff Finley.

Gallop, Climenko & Gould, New York City, Milton S. Gould, New York City, of counsel, for Canadian Javelin Limited.

Christy, Perkins & Christy, New York City, for defendant Doyle.

Diamond & Golomb, New York City, Irving L. Golomb, New York City, of counsel, for defendants LeBrock, Bradley, Gaido, Lachmann and Scialabba.

METZNER, District Judge.

Defendant Canadian Javelin Limited moves to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that this court lacks jurisdiction of the subject matter because of lack of diversity. In the alternative the corporate defendant seeks a stay of further proceedings in this court or an order consolidating this action with similar actions now pending in this court. The actions are stockholder derivative suits. A motion for a stay of proceedings was made before Judge Weinfeld in one of the other actions (Weiss v. Doyle, D.C., 178 F.Supp. 566). Judge Weinfeld granted the motion for a stay in a well-reasoned

opinion which I adopt as determinative of the pending motion.

The attorneys here would find a difference between the two actions in that their plaintiff is a director while the plaintiffs in all of the other actions are stockholders. There are five such actions pending in this court and eight pending in the Supreme Court of the State of New York. The ninth action in the state court was instituted by the corporation itself. An action by a director is for the benefit of the corporation, as are the actions by the stockholders, and all of the actions both here and in the state court are similar in nature. Since the attorneys appearing on behalf of the plaintiff-director here are also the attorneys for the stockholder in the Weiss case, supra, I am sure that the interest of the corporation insofar as their representation is concerned is adequately protected.

It should also be pointed out that these attorneys who urge that their client is entitled to different consideration here have made this director-client a party defendant in the Weiss action. Furthermore, they represent a third plaintiff in one of the state court actions which was instituted prior to the institution of the suits in this court, and in that action they have also named as a party defendant this director-client. Finally, the plaintiffs whom they represent in the state court action are parties defendant in some of the actions in that court as well as in some of the actions pending in this court. It is difficult to see how out of this maze of apparently conflicting representations they can better serve the corporation which is the real party in interest, or why a different result should obtain from that arrived at by Judge Weinfeld.

The motion insofar as it seeks a stay of prosecution of this action pending the further order of the court is granted on condition that the defendants who have joined in this motion stipulate that their respective examinations in the state court shall be in accordance with the Federal Rules of Civil Procedure (Mottolese v. Kaufman, 2 Cir., 1949, 176 F.2d 301). In view of this disposition it is unnecessary for the court to pass upon the other requests for relief. Settle order on notice.