Hon. Robert P. Whalen Commissioner Department of Health
This responds to your letter wherein you ask me for my opinion as to whether or not Section 41 of the General Construction Law applies to the method of voting by the State Hospital Review and Planning Council and, if so, whether it applies to all actions of the Council or only to the adoption of rules and regulations.
General Construction Law, § 41, reads as follows:
 "Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board of similar body, a majority of the whole number of such persons or officers, at a meeting duly held at a time fixed by law, or by any by-law duly adopted by such board or body, or at any duly adjourned meeting of such meeting, or at any meeting duly held upon reasonable notice to all of them, shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words `whole number' shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting."
General Construction Law, § 110, provides as follows:
 "This chapter is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter."
Under the authority of General Construction Law, §§ 41 and 110, the State Hospital Review and Planning Council is subject to the quorum requirements of Section 41. Generally, statutes are to be construed in accordance with the General Construction Law unless a different meaning is clearly indicated. (Southbridge Finishing Co. v. Golding, 2 A.D.2d 430
[1st Dept., 1956].) In a recent decision, Matter of MFY Legal Services,Inc., 179 N.Y.L.J. 11 (1978), it was held that the New York State Medical Advisory Committee is subject to the provisions of the Open Meetings Law and that such committee shall be considered a public body which is subject to the quorum requirements of General Construction Law, §41. Justice Evans stated that it is up to the Legislature to differentiate between acting and advisory public bodies and until they do, the advisory committees shall remain subject to the Open Meetings Law and the quorum requirement of General Construction Law, § 41.
Article 28 of the Public Health Law (§ 2803 [2] effective April 1, 1978) states, "the Council (State Hospital Review and Planning Council) by majority vote of its members shall adopt and amend rules and regulations * * *". Section 2803 (6) also provides for Council action in the same manner. There is no other section of either Articles 28 or 29 which speaks to this question. Therefore, I do not find any different application or meaning for Council actions from that specified in General Construction Law, § 41.
It is, therefore, my opinion that the method of voting by the State Hospital Review and Planning Council must comply with General Construction Law, § 41.