Maximilian Moss, S.
Contestant’s motion to continue the examination of Louis Lip skin, one of the named coexecutors and trustees, as a subscribing witness is denied. Although examinations pursuant to section 141 of the Surrogate’s Court Act are no longer restricted by the statute to be held prior to filing objections (cf. Matter of Feldstein, 133 Misc. 255) and the courts have adopted a liberal attitude in such examinations (Matter of Ericson, 200 Misc. 1005), their scope is still limited to the relevant facts and circumstances surrounding the execution of the will (Matter of Hermann, 178 App. Div. 182, affd. 222 N. Y. 564; Matter of Young, 47 N. Y. S. 2d 779). When objections to probate have been filed delineating the issues. *283 further examinations may be had pursuant to section 288 of the Civil Practice Act on matters which may be pertinent on the trial of the objections. Such matters may relate to conditions prevailing at the time the will was executed as well as to prior and subsequent pertinent conditions and events. The cases cited by the attorney for the contestant themselves indicate the distinction between an examination pursuant to section 141 of the Surrogate’s Court Act and one pursuant to section 288 of the Civil Practice Act, allowing one or the other according to the circumstances (Matter of Ferris, 193 Misc. 1044; Matter of Ericson, 200 Misc. 1005, supra; Matter of Weth, 135 N. Y. S. 2d 70). When justified after objections are filed, the court may treat an application under section 141 as one under section 288 and allow an examination pursuant to other and further relief requested. But no such justification appears herein.
The subject matter of the proposed continued examination of the subscribing witness deals with a memorandum dated November 18, 1950, relating to ownership of corporate stock in decedent’s business constituting the chief asset of the estate. The memorandum predates the propounded instrument about five and a half years. It is not pertinent to the “ conditions prevailing at the time the propounded paper was executed” (Matter of Ericson, supra, p. 1007), or, in the language of the statute, to “ all the facts and circumstances ” bearing upon the “ genuineness of the will, and the validity of its execution ” or upon ‘ ‘ the testator, at the time of executing it, [being] in all respects competent to make a will and not under restraint ” (Surrogate’s Ct. Act, § 144). “ The words ‘ competent ’ and ‘ restraint ’ used in this section * * * refer and are limited to mental competency, and a restraint exercised, at the time of the preparation and execution of the will offered for probate” (Matter of Hermann, 178 App. Div. 182, 190, supra). The statute does not permit denial of probate based upon facts and circumstances unrelated to the genuineness of the instrument and the validity of its execution as affected by testator’s competency and freedom of restraint at the time of its execution. It may be, as alleged by contestant, that the question of the manner in which the shares of stock were transferred to Frank Martin on or about the date of the aforesaid document “ is a matter of primary importance on the subject of fraud and undue influence,” but any such fraud and undue influence would involve the 1950 stock transaction unrelated to the alleged fraud and undue influence affecting the propounded instrument executed much later. The ownership of the stock and the manner *284 of its acquisition by decedent’s son may be an issue in a discovery proceeding, but is not an issue in this contest of probate proceeding. It therefore follows that contestant is not entitled to examine the witness further at this time on the subject of the aforesaid memorandum. To permit such an examination would unnecessarily delay probate. The parties are urged to proceed with other examinations heretofore allowed and other preliminaries in order to bring this contest to a conclusion as soon as possible.
Settle order on notice.