In the Matter of the Estate of EDWARD F. HUTTON, Deceased.

Surrogate's Court, Nassau County, September 5, 1962.

*Shearman & Sterling* (*Gerard T. Shevlin* of counsel), and *Bleakley Platt Schmidt Hart & Fritz* (*Frank A. Fritz* and *Cyril Crimmins* of counsel), for Dorothy D. Hutton, petitioner. *Gerdes Montgomery & Miller* (*Dudley L. Miller* and *Mandeville Mullally* of counsel), for Nedenia H. Rumbough, respondent.

JOHN D. BENNETT, S. During the pendency of an examination under section 141 of the Surrogate's Court Act, of Joseph W. Drake, a subscribing witness to and the attorney-draftsman of the propounded instrument, the decedent's daughter moves to direct him to produce copies of any and all prior wills of decedent and any memoranda in connection therewith, which are in his possession or under his control.

During his examination, Mr. Drake produced four prior wills of the decedent, together with certain memoranda, but has refused to produce any other wills.

The propounded instrument is dated August 15, 1957, and the earliest prior will produced is dated August 13, 1948, nine years previous to the propounded instrument. In each successive will the decedent's daughter by a former marriage receives a smaller share in her father's estate. Her contention is that any prior wills antedating those already made available to her should be produced in connection with Mr. Drake's examination, citing *Matter of Beeman* (221 App. Div. 129) which was followed in *Matter of Hawley* (133 Misc. 572).

While the court in the *Beeman* case did say that an examination under section 141 should be liberally construed " to the end that interested parties can have full examination of subscribing witnesses and inspection of prior wills " (p. 132), the court there referred to an " exceptional situation " presented, of a testatrix leaving practically her entire estate to a lawyer to distribute among charities as he saw fit. There is no such comparable exceptional situation in this estate appearing in the papers presently on file.

While some broad generalizations may be found on the scope of examinations under section 141, they have generally been limited to the relevant facts and circumstances surrounding the preparation and execution of the propounded instrument itself (*Matter of Astor,* 18 Misc 2d 401, affd. 9 A D 2d 770; *Matter of Levine,* 15 Misc 2d 281).

In the *Astor* case, the rulings made by Surrogate GRADY, before whom the examination was conducted, repeatedly limited the examination to matters concerning the will offered for probate, specifically its preparation and execution.

In the *Levine* case Surrogate Moss, while recognizing the liberal attitude adopted in examinations under section 141, nevertheless denied the contestant the right to examine a subscribing witness with relation to a memorandum predating the propounded instrument by five years on the ground that it was not relevant to the facts and circumstances surrounding the execution of the propounded instrument.

While, in a proceeding under section 137 of the Surrogate's Court Act, prior wills and copies thereof may be required to be produced (without any express limitation as to the remoteness of such prior wills to the instrument offered for probate) such a proceeding would be required to conform to the procedure set forth in the statute.

As indicated in the *Levine* case, there is a distinction between examinations under section 141 and examinations before trial under section 288 of the Civil Practice Act. After issue is joined, a section 288 examination " may relate to conditions prevailing at the time the will was executed as well as prior and subsequent pertinent conditions and events " (*Matter of Levine, supra,* p. 283).

However, even examinations pursuant to section 288 are normally limited in scope to events occurring three years prior to the date of the propounded instrument and two years thereafter (*Matter of Frank,* 165 Misc. 411, mod. 253 App. Div. 706) and this rule of thumb is departed from only under special circumstances (*Matter of Kaufmann,* 11 A D 2d 759).

The motion is accordingly denied, without prejudice to any other proceeding or application for relief which the movant may be advised to initiate.